United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Donato Bentajado, et al., | NO. C 09-01966 JW |
|         Plaintiffs, | **ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; SETTING PRELIMINARY INJUNCTION HEARING** |
|   v. | |
| Wells Fargo Bank, N.A., et al., | |
|         Defendants. | |

Presently before the Court is Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction. (hereafter, "Application," Docket Item No. 3.) Plaintiffs seek a temporary restraining order to preclude Defendants from conducting a Trustee's Sale of the real property located at 5221 Nice Court, San Jose, California 95138 ("Subject Property").

A temporary restraining order may be issued if the plaintiff has established: (1) a likelihood of success on the merits and the possibility of immediate irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips heavily in its favor. See Metro Publ'g, Ltd. v. San Jose Mercury News, 987 F.2d 637, 639 (9th Cir. 1993).

Upon review of Plaintiffs' Application and supporting materials, the Court does not find good cause to issue a temporary retraining order on an *ex parte* basis. Plaintiffs' Application presents a series a conclusory statements regarding Defendants' purported failures, including Defendant Wells Fargo Bank, N.A.'s failure to provide certain required disclosures at the consummation of Plaintiffs' home loan and Defendants First American Loanstar Trustee Services and First American Title Insurance Company's invalid attempts to act as a substitute trustee over

Plaintiffs' loan.  Plaintiffs, however, provide insufficient evidence to show that they are likely to succeed on the merits or irreparable harm because Plaintiffs admit that they have filed bankruptcy and the sale has been stayed indefinitely.  (Declaration of Danato Bentajado and Azucena E. Bentajado in Support of Application for Temporary Restraining Order and Preliminary Injunction ¶ 17, Docket Item No. 5.) In addition, Plaintiffs fail to indicate whether they have received permission from the bankruptcy court to file this action in light of their bankruptcy.  Accordingly, the Court DENIES Plaintiffs' Application for a Temporary Restraining Order.

Nonetheless, the Court recognizes the gravity of the harm that may befall Plaintiffs if the allegedly unlawful sale is permitted to occur without giving Plaintiffs the opportunity to present the merits of their case.  The Court thus sets an expedited schedule for a hearing on Plaintiffs' Application for a Preliminary Injunction.  The Court ORDERS as follows:

(1) On or before **May 15, 2009**, Plaintiffs shall serve Defendants a copy of this Order, the Summons and Complaint, and their Motion for Preliminary Injunction.  Plaintiffs shall file the appropriate certificate of service with the Court.

(2) On or before **May 20, 2009**, Defendants shall file their Oppositions, if any.

(3) On or before **May 24, 2009**, Plaintiffs shall file their Response, if any.

(4) The parties shall appear for a Preliminary Injunction hearing on **June 8, 2009 at 9 a.m.**

Dated:  May 12, 2009

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ronald Veridiano Uy rvulaw1@yahoo.com

**Dated: May 12, 2009**                               **Richard W. Wieking, Clerk**

                                                    **By:    /s/ JW Chambers**
                                                           **Elizabeth Garcia**
                                                           **Courtroom Deputy**

**United States District Court**
For the Northern District of California