IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Donato Bentajado, et al., | NO. C 09-01966 JW |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| Wells Fargo Bank, N.A., et al., | |
| Defendants. | |

## I. INTRODUCTION

Donato and Azucena Bentajado ("Plaintiffs") bring this action against Defendants,[1] alleging, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, in connection with a piece of real property held by Plaintiffs. Plaintiffs allege that Defendants failed to make a number of legally mandated disclosures in connection with a loan associated with that property.

Presently before the Court is Plaintiffs' Motion for a Preliminary Injunction. (hereafter, "Motion," Docket Item Nos. 3-4.) The Court conducted a hearing on June 8, 2009. Based on the papers submitted to date and oral argument, the Court DENIES Plaintiffs' Motion for a Preliminary Injunction.

## II. BACKGROUND

**A.    Factual Allegations**

In a Complaint filed on May 5, 2009, Plaintiffs allege as follows:

---

[1] Defendants are Wells Fargo Bank, N.A., First American Loanstar Trustee Services, and First American Title Insurance Company.

Plaintiffs reside at 5221 Nice Court, San Jose, CA 95138 ("Subject Property"). (Complaint ¶ 10, Docket Item No. 1.) Plaintiffs acquired the Subject Property with the use of their personal funds, in addition to mortgage loans obtained from Countrywide Bank and National City Bank. (Id. ¶ 24.) In April 2007, Plaintiffs applied for a loan from Defendant Wells Fargo to refinance their existing mortgage loans. (Id. ¶ 25.) Wells Fargo approved a $1.28 million loan transaction pursuant to Plaintiffs' application. (Id. ¶ 26.) Wells Fargo also approved a $146,700.00 home equity line of credit loan in favor of Plaintiffs. (Id. ¶ 28.) On May 4, 2007, the loan transaction between Wells Fargo and Plaintiffs was consummated. (Id. ¶ 31.) The Subject Property serves as collateral security for repayment of the Wells Fargo loan. (Id. ¶ 32.) In connection with this loan transaction, Wells Fargo failed to provide a number of legally required disclosures. (Id. ¶¶ 25-28.)

In August and September 2008, Plaintiffs defaulted on their note. (Complaint ¶ 33.) On December 18, 2008, Plaintiffs received a Notice of Default and Election to Sell Under Deed of Trust. (Id. ¶ 34.) Plaintiffs subsequently received a Notice of Trustee's Sale, dated March 23, 2009. (Id. ¶ 36.) Pursuant to this Notice, the Subject Property was scheduled to be sold at a Trustee's Sale on April 13, 2009. (Id. ¶ 37.) As a consequence, Plaintiffs filed for bankruptcy on April 10, 2009. (Id. ¶ 38.) In view of the bankruptcy filing, the Trustee's Sale was postponed indefinitely. (Id. ¶ 39.)

On the basis of the allegations outlined above, Plaintiffs allege twelve causes of action: (1) Violation of TILA, 15 U.S.C. §§ 1601, *et seq.*; (2) Violation of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. §§ 2605, *et seq.*; (3) Violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*; (4) Breach of Fiduciary Duty and Breach of the Duty to Deal with Borrowers in Good Faith; (5) Breach of Contract; (6) Violation of California Civil Code §§ 1916.7, 1920-21; (7) Violation of the California Rosenthal Act; (8) Violation of California Business & Professions Code §§ 17200, *et seq.*; (9) Civil Conspiracy; (10) Negligent Infliction of Emotional Distress; (11) Cancellation of Void Instrument; (12) Preliminary and Permanent Injunction.

**B.     Procedural History**

2

On May 5, 2009, Plaintiffs filed both their Complaint and their Motion for a Temporary Restraining Order and Preliminary Injunction. On May 12, 2009, the Court denied Plaintiffs' motion for a temporary restraining order, and set an expedited schedule for a hearing on Plaintiffs' motion for a preliminary injunction. (hereafter, "May 12 Order," Docket Item No. 12.) The Court found that Plaintiffs had proffered insufficient evidence to show that they are likely to succeed on the merits of their claim. The Court also found that there was no possibility of irreparable harm, because Plaintiffs' bankruptcy filing had stayed the foreclosure sale indefinitely.

Presently before the Court is Plaintiffs' Motion for a Preliminary Injunction.

### III. DISCUSSION

Plaintiffs seek a preliminary injunction with respect to the foreclosure sale of the Subject Property. Defendant Wells Fargo opposes issuance of an injunction on the grounds that Plaintiffs' motion is not supported by an evidentiary showing sufficient to demonstrate a strong likelihood of success on the merits. (Opposition at 4-5, Docket Item No. 15.)

To obtain injunctive relief a plaintiff must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. See Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1204-05 (9th Cir. 2000) (quoting Sardi's Restaurant Corp. v. Sardie, 755 F.2d 719, 723 (9th Cir. 1985). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id.; See Rodeo Collection Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

In this case, in denying a temporary restraining order, the Court has already found that Plaintiffs' application for injunctive relief merely "presents a series of conclusory statements regarding Defendants' purported failures" to adhere to a variety of statutory disclosure requirements. (May 12 Order at 1.) As a consequence, the Court found no showing of likelihood of success on the merits. (Id. at 2.) In addition, the Court found that the intervention of bankruptcy militated away from injunctive relief, both because the bankruptcy operated to stay the foreclosure sale and because

3

there was no indication that Plaintiffs had received permission from the bankruptcy court to file this action.² (Id.)

Since the Court's denial of a temporary restraining order on the basis of the above reasoning, Plaintiffs have submitted no new argument or evidence in support of injunctive relief.  In other words, Plaintiffs have taken no affirmative steps to remedy the deficiencies specifically identified by the Court in the May 12 Order.  Given that issuance of either a temporary restraining order or a preliminary injunction requires the Court to evaluate likelihood of success and irreparable harm, the Court's analysis of the preliminary injunction issue is necessarily the same as its analysis of the temporary restraining order.  Consequently, Plaintiffs' complete failure to respond to the May 12 Order requires the Court to deny Plaintiffs a preliminary injunction.

### IV.  CONCLUSION

The Court DENIES Plaintiffs' Motion for a Preliminary Injunction.

Dated:  June 17, 2009

JAMES WARE
United States District Judge

---

² This latter rationale is mooted in light of the parties' disclosure at the June 8, 2009 hearing that the bankruptcy filing has been dismissed.

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jason M. Julian jmj@severson.com
Ronald Veridiano Uy rvulaw1@yahoo.com

**Dated:  June 17, 2009**                           **Richard W. Wieking, Clerk**

                                                    **By:      /s/ JW Chambers                **
                                                           **Elizabeth Garcia**
                                                           **Courtroom Deputy**